## No. 1444.—ALANSON MARSH *v.* JEDEDIAH WATERMAN.

Evidence is not admissible to establish a special defense under the general issue.

A simple waiver of protest does not, as a general rule, dispense with demand and notice ; but where a draft is made payable at a particular date, indorsed in blank by a commercial firm, and one of the firm writes on the back of it on the day of maturity, and only three or four hours before the usual time for protesting, " protest waived,"he will be bound on the draft without further notice of its dishonor. Carmena v. Mix, 15 La. 165.

APPEAL from the Fourth District Court of New Orleans. *Théard; J. Randolph, Singleton & Brown*, for plaintiff and appellee. *Semmes & Mott*, for defendant and appellant.

TALIAFERRO, J. The defendant, sued as indorser of a bill of exchange drawn upon F. B. Ernest by D. S. Rea, filed the plea of *lis pendens*, which being overruled he answered by a general denial. The plaintiff avers that the defendant waived protest of the bill by a written instrument, which is in these words :

"NEW ORLEANS, February 19, 1862.

" We waive protest on defendants—on D. S. Rea, on T. B. Ernest.

(Signed) " J. WATERMAN & BROTHER,

In liquidation."

On the trial of the case the defendant was introduced to prove by his own testimony that he was induced to sign the waiver by the declaration of plaintiff that he would, before three o'clock of that day, procure a similar waiver from the other parties to the bill, or failing in that, cause the bill to be regularly protested. To the admission of this testimony the plaintiff objected on the following grounds :

*First*—That it was an attempt to vary, alter and contradict a written agreement by parol.

*Second*—That it was a special defense, evidence in regard to which could not be introduced under the general issue.

48

The objections were sustained, and the testimony excluded, to which ruling of the court the defendant, by his counsel, reserved a bill of exceptions. Judgment was rendered in favor of the plaintiff, and the defendant has appealed.

We think that under the general issue the defendant was clearly precluded from introducing evidence to show that the waiver of protest was made under conditions which the plaintiff failed to comply with. The general denial of the defendant only put at issue the allegation of the plaintiff, that a waiver of protest was made by the defendant. He could go no further than to traverse the fact whether a waiver of protest was or was not made. See 9 Annual, p. 119, and cases there cited. We think, therefore, the exception was properly sustained.

It has been settled by the general current of our decisions, that a simple waiver of protest does not dispense with demand and notice. If the waiver in this case is to be considered as a waiver also of demand and notice, that consideration must arise from a state of facts and attendant circumstances surrounding it, which are materially different from those under which waivers are generally made. Ordinarily, they are made at a considerable length of time before the maturity of the bill or note; at all events, in most instances, prior to the day on which they fall due. The words used, it may be said, must have the same meaning whether used on the day of the maturity or previously. Yet, it is not easy to avoid a freer construction of the terms employed in reference to an act, when they are used almost at the time the act itself is to be performed, than when used at a time more remote. It was doubtless under these impressions that this court, in the case of Cammena v. Mix, 15 Louisiana Reports, p. 166, where the indorser of a note wrote upon it the very day it became due. "I hereby waive the formality of protest, and hold myself equally bound," announced its opinion that the indorser was not entitled to any further notice of the dishonor of the note, and rendered judgment accordingly. In the case before us, the words "we waive protest" were written on the day the note fell due, and within less than four hours of the usual time of day for making protests. Considering the circumstances attending the act, the inference naturally and fairly presents itself that the waiver was made upon agreement personally with the holder of the bill, or an authorized agent who had made a presentment and demand of payment; and that it was made with the knowledge of the indorser that the drawee had failed to pay the bill, and on the condition that no protest should be made. If so, the defendant could not have expected a protest to be made; and consequently, if he acted in good faith, he cannot be presumed to have reserved the right to be served with notice of protest.

Standing as we view it, on a different state of facts from those connected with the frequent decisions rendered subsequently, we do not regard the case referred to in fifteenth Louisiana Reports as being over-

ruled by the later cases; and we conclude that the one now under consideration being identical with that in fifteenth Louisiana, should be decided in the same manner.

It is therefore ordered, adjudged and decreed that the judgment of the District Court be affirmed, with costs in both courts.